LUTHER S. TROWBRIDGE AND GEORGE L. BEECHER, ADMINISTRATORS, ETC., v. THE CITY OF DETROIT AND CHARLES K. TROMBLY, RECEIVER OF TAXES.

*Municipal corporations—Local improvements—Assessment—Constitutional law.*

1. Act No. 124, Laws of 1883, which authorizes cities and villages to take private property for the use or benefit of the public, and provides for the ascertainment of the amount of damage, the determination of the amount to be assessed upon the particular locality deemed to be benefited, the fixing of the district deemed to be benefited, and the manner of assessment, and then refers to the charter of the municipality for the machinery to be employed in making the assessment and levying and collecting the taxes, and for the forms to be observed in such proceedings, states both the tax and the object, and hence is not in conflict with section 14 of article 14 of the

Constitution, which provides that every law which imposes, continues, or revives a tax shall distinctly state the tax, and the object to which it is to be applied, and that it shall not be sufficient to refer to any other law to fix such tax or object.

2. Section 24 of Act No. 124, Laws of 1883, expressly provides that cities and villages authorized under existing acts of incorporation, or other special acts, to take private property for public use, may proceed under the provisions of their respective local charters or other special acts, or under the provisions of said act; and in *City of Detroit v. Daly*, 68 Mich. 503, 511, this option was referred to, and the method of assessing benefits under Act No. 124 commended.

3. The council has power to reconsider a resolution fixing an assessment district, and enlarge the district by subsequent action.

Appeal from Wayne. (Brevoort, J.) Argued January 18, 1894. Decided March 27, 1894.

Bill to restrain the sale of certain lands upon assessments made in a street-opening case. Defendants appeal. Decree reversed, and bill dismissed. The facts are stated in the opinion.

*Henry M. Cheever*, for complainants.

*John J. Speed* and *T. T. Leete, Jr.*, for defendants.

McGRATH, C. J. This is a bill to restrain defendants from selling certain lands upon assessments made in a street-opening proceeding.

It is insisted that the proceedings are invalid:

1. Because in violation of section 14 of article 14 of the Constitution, which provides that—

"Every law which imposes, continues, or revives a tax shall distinctly state the tax, and the object to which it is to be applied; and it shall not be sufficient to refer to any other law to fix such tax or object."

Section 15 of Act No. 124, Laws of 1883,[1] under which

---

[1] Amended by Act No. 48, Laws of 1887.

the proceedings were conducted, after providing for an assessment upon the owners or occupants of the taxable real estate in the district fixed by the council, for the benefits ascertained, in proportion to the advantage acquired, further provides that—

" The assessment shall be made, and the amount levied and collected, in the same manner and by the same officers and proceedings, as near as may be, as is provided in the charter of the municipality for assessing, levying, and collecting the expense of a public improvement when a street is graded."

The act fixes both tax and object. It provides for the ascertainment of the amount of damage, for the determination of the amount to be assessed upon the particular locality deemed to be benefited, for fixing the district deemed to be benefited, and not only that the amount so determined shall be assessed upon the district so fixed, but how it shall be assessed. It then refers to the charter of the municipality for the machinery to be employed in making the assessment and levying and collecting the taxes, and for the forms to be observed in such proceedings.

2. Because the proceedings are taken under the general law of 1883, and not under Act No. 281, Local Acts of 1883. Section 24 of Act No. 124 expressly provides that any city may proceed under its own charter or other special act, or under the provisions of this act. In *City of Detroit v. Daly*, 68 Mich. 503, 511, this option was expressly referred to, and the method of assessing benefits under Act No. 124 commended. See, also, *City of Detroit v. Beecher*, 75 Mich. 454.

3. That the council changed the assessment district, after it had been once fixed, by including other property. We have no doubt of the power of the council to reconsider a resolution fixing an assessment district, and enlarge

the district by subsequent action. Indeed, it would be strange if the council, with additional light upon the subject, should be concluded by the first resolution.

The decree below will be reversed, and the bill dismissed, with costs of both courts to the defendants.

The other Justices concurred.